IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) CRIMINAL NO. 03-1224 MCA
)
TIFFANY ROBINSON, )
)
    Defendant. )

## PLEA AGREEMENT

1. Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, TIFFANY ROBINSON, and the defendant's counsel, JOSEPH ROMERO:

## REPRESENTATION BY COUNSEL

2. The defendant understands her right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with her attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

3. The defendant further understands her rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses in her defense; and

    d. against compelled self-incrimination.



## WAIVER OF RIGHTS AND PLEA OF GUILTY

4. The defendant hereby agrees to waive these rights and to plead guilty to Counts 1 and 2 of the two-count Indictment charging two violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being distribution of less than 50 grams of a mixture and substance containing a detectible amount of methamphetamine.

## SENTENCING

5. The defendant understands that the minimum and maximum penalties the Court can impose as to each count are:

    a. imprisonment for a period of not more than twenty (20) years;

    b. a fine not to exceed the greater of $1,000,000;

    c. a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100; and

    e. restitution as may be ordered by the Court.

6. Sentencing is pursuant to the Sentencing Reform Act of 1984, making the sentencing guidelines applicable. The defendant has reviewed the application of the guidelines with her attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant will not be allowed to withdraw the plea if the applicable guideline range is

higher than expected or if the Court departs from the applicable guideline range. **The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.**

7. It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

d. The defendant recognizes that this plea agreement has already conferred a benefit upon her and that no downward departure from the applicable Total Offense Level is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that she will not seek a downward departure from the applicable Total Offense Level as determined by the

3

court after resolution of any objections by either party to the presentence report to be prepared in this case. If the defendant, in violation of this paragraph, should nevertheless seek such a downward departure, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the court. The defendant specifically reserves the right, however, to seek a downward departure based solely on over-representation of criminal history.

## STIPULATIONS

8. The United States and the defendant stipulate as follows:

a. As of the date of this agreement, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. Consequently, pursuant to U.S.S.G. §3E1.1, so long as the defendant continues to accept responsibility for her criminal conduct, she is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant personally providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes her entitlement to this reduction.

b. Pursuant to U.S.S.G. § 5C1.2, the defendant may be eligible for the safety valve provisions set forth at 18 U.S.C. § 3553(f). If the defendant's eligibility is established, she would be entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant truthfully providing to the government, before the time of sentencing, all information and evidence concerning the offenses that were part of the same course of

4

conduct underlying this agreement. Additionally, this reduction is contingent upon the defendant having not more than one (1) criminal history point as determined under the Sentencing Guidelines.

   c. Pursuant to U.S.S.G. § 3B1.2(b), defendant was a minor participant in the Indicted criminal activity, and therefore she warrants a reduction of two (2) levels from the base offense level as calculated under sentencing guidelines.

9. The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10. The defendant understands her obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that she has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

11. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal her conviction and any sentence within the guideline range applicable to the statute of conviction as determined by the court after

resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.

## GOVERNMENT'S AGREEMENT

12. Provided that the defendant fulfills her obligations as set out above, the United States agrees:

a. That it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

b. The United States agrees that a sentence at the lower end of the sentencing guideline range is applicable.

13. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

15. The defendant understands and agrees that if she violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

16. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _14th_ day of _November_, 2003.

DAVID C. IGLESIAS
United States Attorney

BILL PFLUGRATH
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
TIFFANY ROBINSON
Defendant

_____
JOSEPH ROMERO
Attorney for Defendant